

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUTUREDONTICS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLIED ANAGRAMICS, INC.;<br>ROBERT GOODMAN; AND NINE TREES<br>DESIGN;<br>    Defendants. | Case No. CV 97-6991 CM (MANx)<br><br>ORDER GRANTING FUTUREDONTICS INC.'S EX PARTE APPLICATION FOR ORDER SUMMARILY DENYING APPLIED ANAGRAMICS, INC.'S MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE |

Presently before the Court is an ex parte application filed by Futuredontics, Inc. ("Futuredontics") for an order summarily denying Applied Anagramics, Inc.'s preliminary injunction motion without prejudice which is scheduled for a hearing on May 24, 1999.[1] Futuredontics seeks, in the alternative, permission to

---

[1] The motion for a preliminary injunction prays that Futuredontics be preliminary enjoined and restrained from directly or indirectly:

(a) using the service mark, 1-800-DENTIST®, or any other confusingly similar term, in advertising, promotional or other published matter, by any means or medium whatsoever, which is circulated, broadcast, telecast, or otherwise

take two depositions prior to the hearing on the motion.

AAI owns the service mark 1-800-DENTIST®. AAI granted Futuredontics permission to use the mark for dental referral services under a Master Licensing Agreement dated July 28, 1990 (the "MLA"). The MLA contains the following arbitration clause:

> Any dispute which arises between the parties with respect to the agreement or the rights or liabilities of the parties hereunder shall be submitted to arbitration in San Diego, California, and in accordance with its commercial arbitration rules.

The MLA also provides:

> Futuredontics and AAI expressly agree that each shall have and retain the right to apply under the provisions of section 1281.8(B) of the California Code of Civil Procedure to a court for such provisional remedy or remedies as may be necessary or appropriate under the circumstances.

On June 10, 1998, the Court issued an Order Compelling Arbitration and Staying Proceedings in which it stated:

> [T]he MLA defines the relationship of these parties. Any claims pertaining to that relationship, including whether or not the purported breaches, violations, or infringements are covered by the MLA in the first instance ought to be decided in one forum. Accordingly, the Court will enforce the provision and hereby orders the entire case to arbitration, staying proceedings in this Court, with two exceptions, until arbitration is completed. Specifically, the pending motions for reconsideration or modification of the order granting a preliminary injunction and for partial summary judgment

---

published, distributed or disseminated, or in the case of electronic media including the Internet, accessible, in areas to which its right to use the mark does not extend under the terms of the Master Licensing Agreement dated July 28, 1990; or

(b) representing that its right to use the service mark, 1-800-DENTIST®, extends throughout the United States.

See Proposed Order Granting Preliminary Injunction.

will not be subject to the stay.[2]

Order Compelling Arbitration and Staying Proceedings, 19-20.

In support of the relief requested in its ex parte application, Futuredontics asserts that the underlying issues upon which AAI's motion for a preliminary injunction is based are presently before Arbitration Richard Chernick. It argues that Arbitrator Chernick is not only well-suited to address the disputes arising from each party's respective interpretation of the agreement's provisions, but will do so shortly either in July when dispositive motions are scheduled to be heard or in September when the arbitration is to planned to commence. Futuredontics further informs the Court that authority does exist for the proposition that an arbitrator may grant equitable relief, see, e.g., Swan Magnetics, Inc. v. Superior Court, 56 Cal. App. 4th 1504 (1997); and adds that it has expressly agreed to abide by any injunctive decision made by the arbitrator.[3]

---

[2] The two pending motions have been addressed by the Court.

[3] In a letter to AAI's counsel dated April 22, 1999, Futuredontics writes:

> The Arbitrator clearly has the power to issue preliminary injunctive relief binding on the parties to the Master Licensing Agreement. Futuredontics will abide by any preliminary injunction issued by Chernick, without the need for a confirming order from the Court. Under these circumstances, we do not believe there is any reason to required the Court to familiarize itself with the developments and legal issues which would be raised by your proposed motion.

Declaration of Mark A. Borenstein ("Borenstein Decl."), Ex. C.

3

In its opposition papers, AAI asserts the following: 1) the governing arbitration agreement excepts a "provisional remedy or remedies as may be necessary or appropriate under the circumstances"; 2) Futuredontics sought similar relief a few weeks ago when it filed a motion for modification or clarification of the injunction with the Court rather than the arbitrator; 3) there is no assurance that Arbitrator Chernick will determine the issue underlying the preliminary injunction; and 4) the "arbitration agreement does not provide a basis for compelling arbitration of requests for provisional relief." Opposition to Ex Parte Application for Order Summarily Denying Applied Anagramics, Inc.'s Motion Without Prejudice or, in the alternative, Permitting Futuredontics to Take Two Depositions Prior to May 24, 1999 Hearing on Preliminary Injunction Motion, 3-4.

Upon full consideration of the parties' papers, applicable authorities, the Order Compelling Arbitration and Staying Proceedings, and AAI's Motion for a Preliminary Injunction, the Court hereby finds that Futuredontics has shown good cause for granting its ex parte application and the relief requested therein.

The issues underlying AAI's motion for a preliminary injunction will turn ultimately on an interpretation of certain provisions in the governing agreement. This matter is currently being actively litigated in arbitration proceedings before Arbitrator Chernick who may, if warranted, provide the equitable

4

relief requested.  See Swan Magnetics, 56 Cal. App. 4th at 1511 ("Arbitrators thus have wide discretion both to determine the scope of their powers and to fashion a just remedy, including equitable relief that a court may not grant, as long as the remedy is rationally related to the contract and the breach."). Accordingly, the Court grants Futuredontics' ex parte application and dismisses AAI's motion for preliminary injunction without prejudice.

IT IS SO ORDERED.

DATED: May 11, 1999

                                                                  _____
                                                                  Carlos R. Moreno
                                                                  United States District Judge